# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:08-cr-00010-MR-2

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **OLANDUS BROADWAY,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Recommendation under Second Chance Act 18 U.S.C. § 3624" [Doc. 100].

The Second Chance Act of 2007, Pub. L. No. 110–199, was enacted on April 9, 2008. The Act amended 18 U.S.C. § 3624 and provides that the Director of the Bureau of Prisons (BOP) shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," including confinement in a community correctional facility, or "half-way house." See 18 U.S.C. § 3624(c)(1).

"The Second Chance Act vests discretion in the Director of the BOP to determine how much time, not to exceed 12 months, an inmate can spend in prelease custody." Groomes v. Warden, No. 6:09-1750-PMD, 2010 WL 738306, at *8 (D.S.C. Mar. 3, 2010). Therefore, before seeking relief from any court regarding the Second Chance Act, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See Wright v. Warden, FCI-Cumberland, No. RDB-10-671, 2010 WL 1258181, at *2 (D. Md. Mar. 24, 2010) (dismissing motion under Second Chance Act for failure to exhaust administrative remedies); Yannucci v. Stansberry, No. 2:08cv561, 2009 WL 2421546, at *3 (E.D. Va. July 28, 2009) (dismissing § 2241 action based on Second Chance Act due to failure to exhaust administrative remedies). Once all administrative remedies have been exhausted, a defendant may challenge the BOP's actions under the Second Chance Act only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Specter v. Director, No. 4:09-cv-0191-TLW-TER, 2010 WL 883733, at *3 (D.S.C. Mar. 5, 2010) (action under Second Chance Act challenges execution of sentence properly brought under § 2241); see also United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (claim attacking computation or execution of sentence pursuant to § 2241 must be brought in district of confinement).

For these reasons, the Court is without the authority to require the Bureau of Prisons to place the Defendant in a Residential Re-Entry Center, and the Court declines to make a recommendation to the Bureau of Prisons regarding such placement.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Recommendation under Second Chance Act 18 U.S.C. § 3624" [Doc. 100] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 6, 2018

Martin Reidinger
United States District Judge