# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:08-cr-00010-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OLANDUS BROADWAY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 103], as amended [Doc. 105]. The Government, through counsel, consents to the requested relief.

In May 2008, the Defendant pled guilty to one count of violating 21 U.S.C. § 841(a) by possessing cocaine base with the intent to distribute. At sentencing in September 2008, the Court found that the offense involved 16.6 grams of cocaine base, a quantity that triggered the enhanced penalties of § 841(b)(1)(B). [See PSR at ¶¶ 11, 52]. Based on that finding, the Defendant faced a statutory minimum sentence of five years, a statutory maximum of forty years, and a minimum of four years of supervised release.

[Id. at ¶¶ 52, 54]. The Court calculated a guidelines range of 188 to 235 months under the career-offender guideline. [Id. at ¶¶ 23, 53]. It then imposed a low-end sentence of 188 months and the required four-year term of supervised release. [See Judgment at 2-3].

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides

that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(B); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Because the Defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accordance with § 841(b)(1)(C)'s statutory penalties, which provide no minimum term of incarceration and a twenty-year maximum term, along with a three-year minimum term of supervised release.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, reduces the Defendant's total offense level from 31 to 29. U.S.S.G. § 4B1.1(b), (c). Based thereon, his Guidelines range is reduced from 188-235 months to 151-188 months.

3

See U.S.S.G. § 5A (sentencing table for offense level 29 and criminal history category VI). This Court previously sentenced the Defendant at the low end of his guidelines range. A proportionate reduction under the First Step Act would yield a sentence of 151 months.

The Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Finally, the Court notes that the Supplemental Presence Report indicates that the Defendant has not received any major disciplinary actions while in custody. [See Doc. 104: Supp. PSR at 2]. Additionally, the Defendant has successfully completed the RDAP program and numerous other educational programs and work assignments. [Id. at 2-3].

For all these reasons, the Court concludes that the Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court, in its discretion, reduces the Defendant's sentence to a term of imprisonment of 151 months. The

Defendant's term of supervised release shall be reduced to a period of three (3) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 103], as amended [Doc. 105], is **GRANTED**. The Defendant's sentence is hereby reduced to a term of imprisonment of 151 months, and the term of supervised release is hereby reduced to three (3) years. All other terms and conditions of the Defendant's Judgment [Doc. 47] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: March 4, 2019

Martin Reidinger
United States District Judge